## Green, etc., v. Davis et ux.

*A. Julian Pilgram,* for plaintiff; *Joseph G. Seesholtz,* for defendants.

HICKS, P. J., June 6, 1932.—On December 16, 1930, a judgment was rendered against the defendants by an alderman in the sum of $48.26, in an action in assumpsit. On January 3, 1931, David W. Davis, one of the defendants, appeared before the justice, took an appeal and entered into a recognizance. He immediately asked for a transcript for the purpose of filing, but was advised that he was unable to receive it then but could have it two days later. On January 5th, 6th and 7th, he visited the office of the alderman for the purpose of receiving the transcript, but upon each occasion was advised that the transcript was not yet ready. On January 8, 1931, the alderman phoned Sarah Davis, the other defendant, and instructed her to have her husband call for the transcript on the following day. Her husband being away, he did not call for it until January 13th, when he could not again receive the transcript because it was not prepared, but the alderman promised to prepare it and then let him know. Nothing further was done by either of the defendants thereafter until March 30, 1931, when they learned that the plaintiff had filed a transcript of the judgment in the court of common pleas for the purpose of lien, and that an execution had issued thereon. David W. Davis then went to the alderman's office, procured the transcript and on that day filed it in court. On April 6, 1931, the defendants, upon petition, procured a rule from this court to show cause why the proceedings upon the execution issued by the plaintiff should not be stayed and the judgment opened and David W. Davis, one of the defendants, let into a defense. An answer was filed and depositions were taken.

The judgment having been entered on December 16, 1930, by the alderman, of which the petitioner for the rule had notice, he had until January 5, 1931, a period of twenty days, in which to appeal. Having appealed within that time, on January 3, 1931, to make his appeal effective, the transcript should have been filed in the prothonotary's office on January 5, 1931, the first return day of the next term. The appeal was taken on a Saturday, and the Monday following was the return day. The transcript not being prepared, he made three more visits to the alderman for it, January 6th, 7th and 13th. On this latter day the alderman agreed to prepare it and to notify him when it was completed and nothing further was done by the petitioner. The proper practice in this case would have been for the petitioner to apply to this court for permission to file the appeal nunc pro tunc and the court then could have dealt with the failure of the alderman in preparing the transcript. But the petitioner delayed not only beyond the first day of the term next succeeding the appeal, but he also delayed beyond the first day of the March term or second term after the appeal, and then did not file the transcript until he learned that the plaintiff had issued execution upon a judgment entered in the prothonotary's office upon the alderman's transcript. For this laches there is no justification. He should have moved promptly to compel the alderman to deliver a transcript or should have made an application for leave to file the appeal nunc pro tunc. According to his own testimony on the rule, he did nothing from January 13, 1931, until the following March 30th. Again, in his petition to open the judgment, he does not set forth whether he has any defense to the claim of the plaintiff which deserves a trial upon the merits. We, therefore, must discharge the rule.

And now, June 6, 1932, the rule to show cause why the judgment entered in this case should not be opened and the execution stayed is hereby discharged, at the cost of the petitioner.

From M. M. Burke, Shenandoah, Pa.